UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT EDWARD HURSE,

    Plaintiff,                                            Case No. 25-cv-12274

vs.                                                   HON. MARK A. GOLDSMITH

MONROE COUNTY COMMUNITY
COLLEGE,

    Defendant.
_____/

**ORDER**
**(1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED SEPTEMBER 23, 2025 and (2) GRANTING PLAINTIFF'S MOTION TO REMAND (Dkt. 6)**

This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge Kimberly G. Altman, issued on September 23, 2025 (Dkt. 15).  In the R&R, the Magistrate Judge recommends that the Court grant Plaintiff's motion to remand (Dkt. 6). Specifically, the magistrate judge recommends the Court grant the motion because Monroe County Community College's notice of removal was untimely.

The parties have not filed objections to the R&R, and the time to do so has expired.  See Fed. R. Civ. P. 72(b)(2).  The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review.  See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374  (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash,

328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

Accordingly, the Court grants the motion and directs the Clerk of Court to remand the case to the Monroe County Circuit Court.

SO ORDERED.

Dated: November 24, 2025
Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
UNITED STATES DISTRICT JUDGE